**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **KRYSTAL GOODPASTURE** | ) | |
| **on behalf of herself and all other** | ) | |
| **persons similarly situated,** | ) | **COLLECTIVE AND CLASS** |
| | ) | **ACTION COMPLAINT** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **STEAK 'N SHAKE OPERATIONS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Plaintiff Krystal Goodpasture (collectively "Plaintiff"), individually and on behalf of all

others similarly situated, as class representative, upon personal knowledge as to herself, and

upon information and belief as to other matters, allege as follows:

**NATURE OF THE ACTION**

1.      This lawsuit seeks to recover minimum wages, overtime compensation, and other

wages for Plaintiff and her similarly situated co-workers – employees paid sub-minimum, tip-

credit rates of pay, including but not limited to servers, bussers, and runners (collectively "tipped

workers") – who work or have worked at Steak 'n Shake restaurants owned and/or operated by

Steak 'n Shake Operations, Inc. ("Steak 'n Shake" or "Defendant") in the United States.

2.       Plaintiff brings this action on behalf of herself and similarly situated current and

former employees who elect to opt in to this action pursuant to the Fair Labor

Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA").

3.      Plaintiff also brings this action on behalf of herself and similarly situated current

and former tipped workers in Illinois pursuant to Federal Rule of Civil Procedure 23 to remedy

violations of the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/3(d) *et seq.* and the

Illinois Wage Payment and Collection Act ("IWPCA"), 820 Ill. Comp. Stat. 115/1, *et seq.*

4.      Steak 'n Shake is a casual restaurant chain with over 500 restaurants in 29 states.

5.      Defendant maintained control, oversight, and direction over Plaintiff and similarly

situated tipped workers, including the ability to hire, fire, and discipline them.

6.       Defendant maintained a policy and practice whereby it paid Plaintiff and other

tipped workers at a sub-minimum wage rate, which was less than the full minimum wage rate.

7.      Defendant violated the FLSA and the IMWL by paying Plaintiff and other tipped

workers at a sub-minimum wage minimum wage (taking a "tip credit") because it did not follow

the statutory and regulatory requirement to do so.

8.      Defendant maintained a policy and practice whereby it failed to provide tipped

workers with the statutorily required notice that Defendant intended to pay tipped workers the

sub-minimum tip-credit wage rate.

9.      Defendant maintained a policy or practice whereby it required tipped workers to

perform non-tip producing side work that was unrelated to the employee's tipped occupation.

10.      As a result, tipped workers were engaged in a "dual occupation" while being

compensated at a sub-minimum wage rate.

11.      Defendant also maintained a policy and practice whereby it required Plaintiff and

other tipped workers to spend a substantial amount of their work time, more than 20% of their

work time, performing non-tip producing side work.

12.      This side work included, but was not limited to, cleaning the restaurant, sweeping

and mopping, preparing food, refilling condiments, restocking and replenishing service areas,

rolling silverware, brewing coffee and tea, washing dishes, cleaning bathrooms, and preparing

meat to be cooked.

13.     Defendant required Plaintiff and tipped workers to perform side work at the beginning of their shifts, during their shifts, and at the end of their shifts.

14.     During the periods that Plaintiff and other tipped workers performed side work, Defendant paid them at a sub-minimum hourly wage rate.

15.     Much of the side work that Defendant required tipped workers to perform involved duties that are customarily assigned to "back-of-the-house" employees in other restaurants, who typically receive at least the full minimum wage rate.

16.      The side work described above was not specific to particular customers, tables, or sections.  It was performed in mass quantities for the entire shift or for future shifts.

17.     Defendant's timekeeping system was capable of tracking multiple job codes for different work assignments.

18.     Defendant did not allow its tipped workers to clock in and separately record time spent performing side work.

19.      Defendant also maintained a policy and practice whereby tipped workers were encouraged to work off-the-clock.

20.     Some of the work that Plaintiff performed off-the-clock was in excess of 40 hours in a workweek.

21.     While working off-the-clock, Plaintiff was engaged in non-tip producing side work, as described above.

## THE PARTIES

**Krystal Goodpasture**

22.     Krystal Goodpasture ("Goodpasture") is an adult individual who is a resident of Glendale Heights, Illinois.

23.     Goodpasture was employed as a server at Defendant's Steak 'n Shake restaurants located at 10421 Touhy Ave, Rosemont, IL from approximately April 2012 through April 2013; at 1501 W Algonquin Rd, Rolling Meadows, IL from approximately May 2013 through April 2014; and, occasionally, at 275 E Army Trail Rd, Glendale Heights, IL.

24.     Goodpasture is a covered employee within the meaning of the FLSA and the IMWL.

25.     A written consent form for Goodpasture is attached to this Complaint as Exhibit A.

**Steak 'n Shake Operations, Inc.**

26.     Steak 'n Shake Operations, Inc. owned and/or operated Steak 'n Shake restaurants during the relevant time period.

27.     Steak 'n Shake's principal executive office is located at 736 S Pennsylvania St., Indianapolis, IN 46204.

28.     Steak 'n Shake's is a foreign corporation doing business in the state of Illinois.

29.     At all relevant times, Steak 'n Shake maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

30.     Steak 'n Shake allowed employees to freely transfer between, or be shared by, the various Steak 'n Shake restaurants it operated without retraining such employees.

31.     Steak 'n Shake applied the same employment policies, practices, and procedures to all tipped workers at its Steak 'n Shake restaurants, including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, tips, and the making of unlawful deductions.

32.     Upon information and belief, at all relevant times Steak 'n Shake had an annual gross volume of sales in excess of $500,000.

## JURISDICTION AND VENUE

33.      This Court has federal question jurisdiction over Plaintiff's FLSA claims, which arise under 29 U.S.C. § 216(b), pursuant to 28 U.S.C. § 1331.

34.     This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

35.     Defendant is subject to personal jurisdiction in Illinois because it operates and transacts business in this state.

36.     Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## COLLECTIVE ACTION ALLEGATIONS

37.      Plaintiff brings her FLSA collective action claims on behalf of herself and all similarly situated current and former tipped workers employed at Defendant's Steak 'n Shake restaurants nationwide in the three years prior to the filing of this Complaint and the date of final judgment in this matter, and who elect to opt-in to this action (the "FLSA Collective Members").

38.      At all relevant times, Plaintiff and the FLSA Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and

are and have been subject to Defendant's decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay Plaintiff at the legally required minimum wage for all hours worked and one-and-one-half times this rate for work in excess of 40 hours per workweek, requiring tipped workers to engage in dual job duties and to perform related side work for more than 20% of their work time, and failing to provide proper notice of the tip-credit provisions of the FLSA.

39.     Defendant also required Plaintiff and the FLSA Collective Members to work off-the-clock and without compensation in violation of the FLSA and took deductions from Plaintiff's compensation that caused them not to retain all of their tips or to earn below the minimum wage.

40.     Plaintiff's claims stated herein are essentially the same as those of the other FLSA Collective Members.

41.      Defendant's unlawful practice of requiring tipped workers to work off-the-clock, as described in this Complaint, is pursuant to a corporate policy or practice of minimizing labor costs by failing to record the hours that employees work.

42.     Defendant is aware or should have been aware that federal law required it to pay employees minimum wage for all of the hours they work.

43.     Defendant is aware or should have been aware that federal law required it to pay employees performing non-exempt duties an overtime premium for hours worked in excess of 40 per workweek.

44.     The FLSA Collective Members and their contact information are readily ascertainable from Defendant's payroll records.

6

## ILLINOIS CLASS ACTION ALLEGATIONS

45.    Plaintiff brings the Third, Fourth, and Fifth Causes of Action, Illinois Wage and Hour claims, under Rule 23, on behalf of herself and all similarly situated current and former tipped workers employed at Defendant's Shake 'n Steak restaurants in Illinois between April 26, 2013, which is three years prior to the filing of this Complaint, and the date of final judgment in this matter ("IL Rule 23 Class").

46.    Excluded from the IL Rule 23 Class are Defendant, Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the IL Rule 23 Class.

47.    The members of the IL Rule 23 Class ("IL Rule 23 Class Members") are readily ascertainable from Defendant's payroll records.

48.    The IL Rule 23 Class Members are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

49.    There are more than 100 IL Rule 23 Class Members.

50.    Plaintiff's claims are typical of those claims which could be alleged by any IL Rule 23 Class Member, and the relief sought is typical of the relief which would be sought by each IL Rule 23 Class Member in separate actions.

51.    All the IL Rule 23 Class Members were subject to the same corporate practices of Defendant, as alleged herein, of failing to pay minimum wages, failing to pay overtime, and failing to pay for off-the-clock work.

52.    Plaintiff and the IL Rule 23 Class Members have all sustained similar types of

damages as a result of Defendant's failure to comply with the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.*, and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et. seq*.

53.　　Plaintiff and the IL Rule 23 Class Members have all been injured in that they have been uncompensated or under-compensated due to Defendant's common policies, practices, and patterns of conduct.

54.　　Plaintiff is able to fairly and adequately protect the interests of the IL Rule 23 Class Members and has no interests antagonistic to the IL Rule 23 Class Members.

55.　　Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

56.　　A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation – where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.

57.　　Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

58.　　Because the losses, injuries, and damages suffered by each of the individual IL Rule 23 Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual IL Rule 23 Class Members to redress the wrongs done to them.

59.　　The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would

result in a significant saving of these costs.

60.     The prosecution of separate actions by individual IL Rule 23 Class Members would create a risk of inconsistent and/or varying adjudications with respect to the individual IL Rule 23 Class Members, establishing incompatible standards of conduct for Defendant and resulting in the impairment of the IL Rule 23 Class Members' rights and the disposition of their interests through actions to which they were not parties.

61.     The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

62.     Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.  Class actions provide class members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

63.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

64.     Common questions of law and fact exist as to the IL Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

(a)     whether Defendant violated the IMWL and the IWPCA, and the supporting Illinois Department of Labor Regulations;

(b)     whether Defendant employed Plaintiff and the IL Rule 23 Class within the meaning of the IMWL and the IWPCA;

(c)     whether Defendant paid Plaintiff and the IL Rule 23 Class at the proper minimum wage rate for all hours worked;

(d)     whether Defendant properly compensated Plaintiff and the IL Rule 23 Class Members for hours worked in excess of 40 hours per workweek;

(e)     whether Defendant has a policy of requiring Plaintiff and the IL Rule 23 Class to engage in work outside of their tipped occupation that should have been paid at the full Illinois minimum wage;

(f)     whether Defendant maintained a policy or practice of requiring, suffering, or permitting Plaintiff and the IL Rule 23 Class to work off-the-clock without proper compensation under Illinois law; and

(g)     the nature and extent of class-wide injury and the measure of damages for those injuries.

## PLAINTIFF'S FACTUAL ALLEGATIONS

65.     Throughout the duration of her employment at Steak 'n Shake, Goodpasture received paychecks from Defendant that did not properly record or compensate her for all the hours that she worked.

66.     Defendant paid Goodpasture at the Illinois tipped minimum wage rate when she should have been paid at the full minimum wage rate.

67.     Defendant failed to inform Goodpasture of the tip credit provisions of the FLSA.

68.     Defendant required Goodpasture to spend time engaging in side work duties for more than 20% of her work time in one or more individual work weeks and required her to perform non-tipped work that was unrelated to her tipped occupation. These duties included, but are not limited to, general cleaning of the restaurant, preparing food, refilling condiments, restocking and replenishing service areas, rolling silverware, brewing coffee and tea, washing dishes, working the drive-thru window, and cleaning bathrooms.

69.     Defendant frequently required Goodpasture to perform work off-the-clock without compensation.

70.     For instance, at the end of her shift, Defendant would require Goodpasture to

perform side work, clean, or run food after she had already clocked out.

71.     Based on information and belief, some of the above-mentioned off-the-clock work was in excess of 40 hours per week and without proper overtime compensation.

72.     During her employment, Goodpasture generally worked the following scheduled hours unless she missed time for vacation, sick days, or holidays:

> 5 shifts per week, usually consisting of dinner shifts. Dinner shifts typically started at approximately 4:00 p.m., and ended between 10:00 p.m. – 12:00 a.m.

73.     Even when Defendant paid Goodpasture overtime premiums for some hours she worked in excess of 40 per workweek, these premiums were not calculated at the correct rate.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act – Minimum Wages**
**(Brought on Behalf of Plaintiff and the FLSA Collective Action Members)**

74.      Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

75.     At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

76.     At all relevant times, Plaintiff has been Defendant's "employee" as defined by the FLSA. 29 U.S.C. § 203(e)(1).

77.     Defendant was not eligible to avail itself of the federal tipped minimum wage rate under the FLSA because Defendant failed to inform Plaintiff and the FLSA Collective Action Members of the provisions of subsection 203(m) of the FLSA.

78.     Defendant also required Plaintiff and the FLSA Collective Action Members to perform a substantial amount of side work in excess of 20% of their work time in one or more individual work weeks.  During these periods, Defendant compensated Plaintiff and the FLSA

Collective Action Members at the tipped minimum wage rate rather than at the full hourly minimum wage rate as required by the FLSA.

79.     Defendant also regularly required Plaintiff and the FLSA Collective Action Members to perform non-tipped side work unrelated to their tipped occupation such as washing dishes, general cleaning, and rolling silverware.  During these periods, Defendant compensated Plaintiff and the FLSA Collective Action Members at the tipped minimum wage rate rather than at the full hourly minimum wage rate as required by 29 U.S.C. §§ 201 *et seq*.

80.     Further, Defendant required Plaintiff and the FLSA Collective Action Members to perform work off-the-clock and without compensation, depriving them of the minimum wage.

81.     Defendant's unlawful conduct, as described in this Complaint, was a willful violation of the FLSA.

### SECOND CAUSE OF ACTION
**Fair Labor Standards Act – Overtime Wages**
**(Brought on behalf of Plaintiff and the FLSA Collective Action Members)**

82.      Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

83.     Plaintiff and the FLSA Collective Action Members were not exempt from the overtime provisions of the FLSA.

84.     Plaintiff and the FLSA Collective Action Members worked in excess of 40 hours during one or more individual workweeks in the relevant period.

85.     Defendant willfully failed to pay Plaintiff and FLSA Collective one-and-one-half times the full minimum wage for all work in excess of 40 hours per workweek.

### THIRD CAUSE OF ACTION
**Illinois Minimum Wage Law – Minimum Wages**
**(Brought on behalf of Plaintiff and the IL Rule 23 Class)**

86.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

87.      Defendant has engaged in a widespread pattern, policy, and practice of violating the IMWL, 820 ILCS 105/1, *et seq.* as detailed in this Complaint.

88.     At all times relevant times hereto, Plaintiff and the IL Rule 23 Class have been employees of Defendant within the meaning of the IMWL, 820 105/3(d)

89.     At all times relevant times hereto, Defendant has been the "employer" of Plaintiff and the IL Rule 23 Class Members within the meaning of the IMWL, 820 ILCS 105/3(c).

90.     At all times relevant hereto, Plaintiff and the IL Rule 23 Class have been covered by the IMWL.

91.     Defendant failed to pay the Plaintiff and the IL Rule 23 Class the minimum hourly wages to which they are entitled under the IMWL.

92.     Defendant required Plaintiff and the IL Rule 23 Class to perform a substantial amount of non-tipped side work not within the scope of a tipped occupation.  During these periods, the Plaintiff and the IL Rule 23 Class were engaged in a non-tipped occupation, yet the Defendant compensated Plaintiff and the IL Rule 23 Class at the tipped minimum wage or lower rate, rather than the full hourly minimum wage rate as required by the IMWL.

93.     Defendant required Plaintiff and the IL Rule 23 Class to perform work off-the-clock and without compensation, depriving them of the minimum wage.

94.     Defendant was required to pay Plaintiff  and the IL Rule 23 Class the full minimum wage at a rate of $8.25 per hour for all hours worked from July 1, 2010 to the present

under the IMWL, 820 ILCS 105/4.

95.     Through its knowing or intentional failure to pay minimum hourly wages to

Plaintiff  and the IL Rule 23 Class, Defendant has violated the IMWL, 820 ILCS 105/1, *et seq.*

**FOURTH CAUSE OF ACTION**
**Illinois Minimum Wage Law – Overtime Compensation**
**(Brought on behalf of Plaintiff and the IL Rule 23 Class)**

96.     Plaintiff realleges and incorporates by reference all allegations in all preceding

paragraphs.

97.     Defendant failed to pay Plaintiff and the IL Rule 23 Class the proper overtime

wages to which they are entitled under the IMWL, 820 ILCS 105/1, *et seq.*

98.     Defendant failed to pay Plaintiff and the IL Rule 23 Class one-and-one-half times

the full minimum wage for all work in excess of 40 hours per workweek.

99.     Through its knowing or intentional failure to pay Plaintiff and the IL Rule 23

Class overtime wages for hours worked in excess of 40 hours per workweek, Defendant has

willfully violated the IMWL, 820 ILCS 105/1, *et seq.*

**FIFTH CAUSE OF ACTION**
**Illinois Wage Payment and Collection Act**
**(Brought on behalf of Plaintiff and the IL Rule 23 Class)**

100.     Plaintiff, on behalf of herself and the IL Rule 23 Class, realleges and incorporates

by reference all allegations in all preceding paragraphs.

101.     Defendant has engaged in a widespread pattern, policy, and practice of violating

the IWCPA, 820 ILCS 115/1, *et seq.*, as detailed in this Complaint.

102.     At all times relevant times, Plaintiff and the IL Rule 23 Class have been

"employees" within the meaning of the IWPCA, 820 ILCS 115/1, *et. seq.*

103.     At all times relevant times, Defendant has been an "employer" of Plaintiff and

the IL Rule 23 Class within the meaning of the IWPCA, 820 ILCS 115/1, *et. seq.*. Defendant was at all times aware of its obligations to pay its hourly employees for all times they worked, and are aware of the compensation actually paid to Plaintiff k  and the IL Rule 23 Class.

104.     At all times relevant hereto, Plaintiff and the IL Rule 23 Class have been covered by the IWCPA.

105.     The wage provisions of Act 115 of the IWCPA apply to Defendant and protect Plaintiff and the IL Rule 23 Class.

106.     Plaintiff and the IL Rule 23 Class had an agreement with Defendant at the outset of their employment that they would receive their hourly wage for all time worked for Defendant.

107.     Defendant instituted practices that resulted in Plaintiff and the IL Rule 23 Class working certain times without compensation.  Plaintiff and the IL Rule 23 Class were instructed by their supervisors work off-the-clock.  As a result, Defendant failed to compensate the Plaintiff and the IL Rule 23 Class for all the time worked.

WHEREFORE, Plaintiff requests the following relief individually and on behalf of others:

A.     unpaid minimum and overtime wages;

B.     liquidated damages;

C.     unpaid gratuities;

D.     punitive damages;

E.     reasonable attorneys' fees, costs, and expenses; and

F.     such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated April 27, 2016

Respectfully submitted,

*/s/ Justin M. Swartz*
**OUTTEN & GOLDEN LLP**
Justin M. Swartz
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000
Facsimile: (646) 509-2060

*and*

Paul W. Mollica
203 North LaSalle Street, Suite 2100
Chicago, Illinois 60601
Telephone: (312) 924-4888
Facsimile: (646) 509-2075

**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer (*pro hac vice motion forthcoming*)
Frank J. Mazzaferro (*pro hac vice motion forthcoming*)
28 Liberty Street, 25th Floor
New York, New York 10005
Telephone: (212) 300-0375

*Attorneys for the Plaintiff and Putative Classes*

16